**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

BOBBY ORICK,

    Petitioner,

v.

SHERRY BURT,

    Respondent,

_____/

Civil No. 2:06-CV-13287
HONORABLE LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

## OPINION AND ORDER HOLDING IN ABEYANCE THE PETITION FOR WRIT OF HABEAS CORPUS AND ADMINISTRATIVELY CLOSING THE CASE.

Bobby Orick, ("Petitioner"), presently confined at the St. Louis Correctional Facility in St. Louis, Michigan, has filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, in which he challenges his conviction for first-degree murder, M.C.L.A. 750.316. Petitioner has now filed a motion to hold the petition in abeyance to permit him to file a second post-conviction motion in the state courts to raise an additional claim that is not included in the current petition. For the reasons stated below, the Court will hold the petition in abeyance and will stay the proceedings under the terms outlined below in the opinion to permit petitioner to return to the state courts to exhaust his additional claim, failing which the petition shall be dismissed without prejudice. The Court will also administratively close the case.

### I. Background

Petitioner was convicted of the above offenses following a jury trial in the Wayne County Circuit Court. Petitioner's conviction was affirmed on appeal. *People v. Orick,* No. 246801 (Mich. Ct. App. June 10, 2004); *lv. den.* 472 Mich. 882; 693 N.W. 2d 823 (2005)(Cavanagh, Kelly, and

1

Markman, JJ. would grant leave to appeal).

On July 20, 2006, petitioner filed a petition for writ of habeas corpus, in which he sought habeas relief on the one ground that he raised in the Michigan courts on his direct appeal. Petitioner also filed a motion to hold the habeas petition in abeyance so that he could return to the Wayne County Circuit Court to present additional claims in a post-conviction motion for relief from judgment. On April 4, 2007, this Court held the petition in abeyance in order to allow petitioner to return to the state courts to exhaust additional claims that had not been presented to the state courts. This Court also administratively closed the case.

On April 2, 2009, the Court extended the stay of the proceedings on the basis that petitioner did not receive notice of the Court's April 4, 2007, order and required petitioner to raise his unexhausted claims with the state court by June 3, 2009, and to return to federal court within sixty days of the exhaustion of such claims. On June 2, 2009, Petitioner filed his motion for relief from judgment and brief in support with the Wayne County Circuit Court, which was denied on August 13, 2009. The Michigan appellate courts denied petitioner leave to appeal. *People v. Orick,* No. 293950 (Mich. Ct. App. January 11, 2010); *lv. den.* 486 Mich. 1045; 783 N. W. 2d 345 (2010).

On November 2, 2010, this Court granted petitioner's motion to reopen his habeas petition. On November 8, 2010, petitioner filed the present motion to hold the petition in abeyance so that he can return to the state courts to file a second motion for relief from judgment, in order to raise a claim based on the United States Supreme Court's recent decision in *Presley v. Georgia,* 130 S. Ct. 721 (2010), in which the Supreme Court held that a criminal defendant's Sixth Amendment right to a public trial was violated when the trial court excluded the public from the *voir dire* of prospective jurors.

## II. Discussion

A federal district court has authority to abate or dismiss a federal habeas action pending resolution of state post-conviction proceedings. *See Brewer v. Johnson,* 139 F. 3d 491, 493 (5th Cir. 1998). However, to stay federal proceedings and hold a habeas petition in abeyance pending resolution of state court proceedings, there must be exceptional or unusual circumstances. *Sitto v. Bock,* 207 F. Supp. 2d 668, 676 (E.D. Mich. 2002); *Hudson v. Martin*, 68 F. Supp. 2d 798, 800 (E.D. Mich. 1999).

The Court will grant petitioner's motion to hold the petition in abeyance while he returns to the state courts to exhaust his additional claim. The outright dismissal of the petition, albeit without prejudice, might result in preclusion of consideration of the petitioner's claims in this Court due to the expiration of the one year statute of limitations contained in the Antiterrorism and Effective Death Penalty Act (AEDPA). *See* 28 U.S.C. § 2244(d)(1). A common circumstance calling for abating a habeas petition arises when the original petition was timely filed, as was the case here, but a second, exhausted habeas petition would be time barred by the AEDPA's statute of limitations. *See Hargrove v. Brigano,* 300 F. 3d 717, 720-21 (6th Cir. 2002). The U.S. Supreme Court, in fact, has suggested that a habeas petitioner who is concerned about the possible effects of his state post-conviction filings on the AEDPA's statute of limitations could file a "protective" petition in federal court and then ask for the petition to be held in abeyance pending the exhaustion of state post-conviction remedies. *See Pace v. DiGuglielmo,* 544 U.S. 408, 416 (2005)(citing *Rhines v. Weber,* 544 U.S. 269 (2005)). A federal court may stay a federal habeas petition and hold further proceedings in abeyance pending resolution of state court post-conviction proceedings, provided there is good cause for failure to exhaust claims and that the unexhausted claims are not "plainly

meritless." *Rhines,* 544 U.S. at 278.

The Court is aware that pursuant to M.C.R. 6.502(G)(1), a criminal defendant in Michigan can typically file only one motion for relief from judgment with regard to a criminal conviction. *See Banks v. Jackson,* 149 Fed. Appx. 414, 418 (6th Cir. 2005); *Hudson v. Martin*, 68 F. Supp. 2d at 800 (citing to *People v. Ambrose*, 459 Mich. 884; 587 N. W. 2d 282 (1998)). However, M.C.R. 6.502(G)(2) states that a defendant may file a second or subsequent motion based on a retroactive change in law that occurred after the first motion for relief from judgment or a claim of new evidence that was not discovered before the first such motion. *Banks,* 149 Fed. Appx. at 418; *Hudson,* 68 F. Supp. 2d at 800–801. Petitioner contends that the Supreme Court's holding in *Presley* should be applied retroactively to cases on collateral review. Indeed, the Ninth Circuit has recently applied the Supreme Court's holding in *Presley* retroactively to a federal prisoner's motion to vacate sentence brought pursuant to 28 U.S.C. § 2255. *See U.S. v. Withers,* 618 F. 3d 1008, 1015–19 (9th Cir. 2010). Thus, the Court finds there is some likelihood that the Michigan courts might permit petitioner to file a second post-conviction motion for relief from judgment pursuant to the retroactive change in law exception contained in M.C.R. 6.502(G)(2). Accordingly, the Court will grant petitioner a stay of proceedings to permit him to attempt to exhaust his claim involving the alleged denial of his right to a public trial, based upon the holding in *Presley*, in his second motion for relief from judgment with the state courts. *See Banks,* 149 Fed. Appx. at 419–20.

Where a district court determines that a stay is appropriate pending exhaustion of state court remedies, the district court "should place reasonable time limits on a petitioner's trip to state court and back." *Rhines*, 544 U.S. at 278. Therefore, to ensure that there are no delays by petitioner in exhausting his state court remedies, this Court will impose upon petitioner time limits within which

he must proceed with his state court post-conviction proceedings. *See Palmer v. Carlton*, 276 F. 3d 777, 781 (6th Cir. 2002). Petitioner must present his claims in state court within sixty days from the date of this Order. *See id.* Further, he must ask this Court to lift the stay within sixty days of exhausting his state court remedies. *See id.* "If the conditions of the stay are not met, the stay may later be vacated nunc pro tunc as of the date the stay was entered, and the petition may be dismissed." *Id.,* at 781 (internal quotation omitted).

### III. ORDER

Accordingly, it is **ORDERED** that petitioner may file a second motion for relief from judgment with the state court within **sixty (60) days of receipt of this Court's order.** If petitioner fails to file a motion for relief from judgment with the state courts by that date**,** the Court will dismiss the present petition without prejudice.

If petitioner files a motion for relief from judgment, he shall notify this Court that such motion papers have been filed in state court. The case shall then be held in abeyance pending the petitioner's exhaustion of the claims. The petitioner shall re-file a habeas petition within 60 days after the conclusion of the state court post-conviction proceedings. Petitioner is free at that time to file an amended habeas petition which contains any newly exhausted claims.

To avoid administrative difficulties, the Court **ORDERS** the Clerk of Court to **CLOSE** this case for statistical purposes only. Nothing in this order or in the related docket entry shall be considered a dismissal or disposition of this matter. *See Sitto,* 207 F. Supp. 2d at 677.

s/Lawrence P. Zatkoff
LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

Dated: November 30, 2010

CERTIFICATE OF SERVICE

       The undersigned certifies that a copy of this Order was served upon the attorneys of record by electronic or U.S. mail on November 30, 2010.

                                              s/Marie E. Verlinde
                                              Case Manager
                                              (810) 984-3290